12-2995
Chen v. Holder

BIA
Videla, IJ
A079 089 995

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:
         ROBERT D. SACK,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              *Circuit Judges.*
_____

ZHI YU CHEN,
         *Petitioner,*

         v.                                      12-2995
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:        Joshua E. Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Jeffery R. Leist, Trial Attorney,

**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Yu Chen, a native and citizen of the People's Republic of China, seeks review of the June 27, 2012, decision of the BIA affirming a January 27, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla denying her motion to reopen. *In re Zhi Yu Chen*, No. A079 089 995 (B.I.A. June 27, 2012), *aff'g* No. A079 089 995 (Immig. Ct. New York City Jan. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case. Because Chen does not challenge the denial of *sua sponte* reopening, we address only the denial of statutory reopening.

The BIA's denial of Chen's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered

in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's 2010 motion was untimely, as her final administrative order was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, as the BIA concluded, Chen failed to establish a material change in circumstances for house church Christians in China.

Chen argues that she demonstrated an increased risk of persecution based on China's crackdown on underground Christian churches since her 2002 merits hearing. The BIA's determination that Chen failed to demonstrate changed circumstances in China is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). While a 2010 report from the U.S. Commission on International Religious Freedom notes an increase in the

3

harassment of house church Christians prior to and during the 2008 Beijing Olympics, it notes a decrease in the number of detentions the next year, and that the Chinese government then *continued* its systematic and intense suppression of house churches. Indeed, contrary to Chen's argument, the repressive tactics described in the 2010 report and supplementary post-hearing evidence, including church raids, the arrest and detention of house church members, and the confiscation and destruction of property, also were described in the 1999 U.S. State Department report that Chen submitted at her merits hearing. Substantial evidence therefore supports the BIA's finding that Chen did not establish changed conditions for Christians in China.

Because the evidence Chen submitted was insufficient to establish a change in conditions in China, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing deadline, and in consequently denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4